UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

WILLIAM K. DUFFY, KENNETH HUBER,
PHILLIP CAPOBIANCO, JOHN DUFFY,
PAUL O'BRIEN, MARC HERBST, JAMES
HANEY, JR., JAMES PRATT, III, SCOTT
ADRIAN and ROBERT AHEARN, as Trustees **MEMORANDUM & ORDER**
of the Local 138, 138A & 138B, International 07 CV 753 (DRH) (ETB)
Union of Operating Engineers Welfare Fund,
Legal Fund, Apprenticeship Training Fund, and
Annuity Fund, and MICHAEL FANNING as
CEO of the Central Pension Fund,

                    Plaintiffs,

  -against-

BEAVER SITE, INC.,

                    Defendant.
------------------------------------------------------------X

**APPEARANCES:**

**ARCHER, BYINGTON, GLENNON & LEVINE, LLP**
Attorneys for Plaintiffs
425 Broadhollow Road, Suite 405
P.O. Box 9064
Melville, New York 11747
By:    Robert T. McGovern, Esq.

**HOWARD E. GREENBERG, ESQ.**
Attorney for Defendant
180 East Main Street, Suite 308
Smithtown, New York 11784
By:    Howard E. Greenberg, Esq.

**HURLEY, Senior District Judge:**

      Plaintiffs William K. Duffy, Kenneth Huber, Phillip Capobianco, John Duffy, Paul

O'Brien, Marc Herbst, James Haney, Jr., James Pratt III, Scott Adrian, and Robert Ahearn, as Trustees of Local 138, 138A, and 138B's International Union of Operating Engineers Welfare Fund, Legal Fund, Apprenticeship Training Fund, and Annuity Fund, and Michael Fanning[1] as CEO of the Central Pension Fund (collectively the "Funds" or "Plaintiffs") commenced this action to recover from defendant Beaver Site, Inc. ("Defendant") contributions allegedly due under two successive collective bargaining agreements ("CBAs"), pursuant to Sections 1145 and 1132(a)(3) of the Employee Retirement Income Security Act ("ERISA") and Section 301 of the Labor Management Relations Act ("LMRA"). The Funds also seek an award of interest, liquidated damages, attorney's fees, audit fees, and costs. Presently before the Court is Plaintiffs' unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, Plaintiffs' motion is GRANTED.

## BACKGROUND

The following facts, taken from Plaintiffs' Local Civil Rule 56.1 Statement ("Pls.' 56.1"), have not been disputed by Defendant and will, therefore, be deemed admitted.[2]

The Trustees are trustees and fiduciaries of the Funds within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§ 1002(21) and 1132. (Pls.' 56.1 at ¶ 4.) The Funds are employee benefit welfare plans and/or employee benefit pension plans as defined by ERISA, 29 U.S.C. § 1002(1)-(2), and multi-employer plans as defined by ERISA, 29 U.S.C. §§ 1002(37)(A)

---

[1] Duffy, Huber, Capobianco, Duffy, O'Brien, Herbst, Haney, Pratt, Adrian, Ahearn, and Manning will be referred to, collectively, as the "Trustees."

[2] *See* Local Rule Civ. P. 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.").

and 1145.  (*Id*. at ¶ 5.)  They are also Taft Hartley plans within the meaning of 29 U.S.C. § 186 (c)(5).  (*Id*. at ¶ 6.)  The Funds are administered and have a principal place of business at 137 Gazza Boulevard, Farmingdale, New York.  (*Id*. at ¶ 7.)  Local 138, 138A and 138B, International Union of Operating Engineers (the "Union") is a labor organization as defined in Section 301 of the LMRA, 29 U.S.C. § 185, and represents employees engaged in an industry which affects interstate commerce as defined in 29 U.S.C. § 142.  (*Id*. at ¶ 8.)

Defendant, a New York corporation, conducts business in New York, and maintains a place of business at 1200 Townline Road, Hauppauge, New York.  (*Id*. at ¶ 10.)  Defendant is an employer within the meaning of Section 2(2) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2), and Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1145 and 1002(5).  (*Id*. at ¶ 11.)  The Union and Defendant were parties to two successive CBAs.[3]  (*Id*. at ¶ 12.)

Under Article IV, Section 2 of the CBAs, Defendant was required to pay into the Funds a certain sum of money for each hour, or part of an hour, worked by each employee performing covered work in the geographical area covered by the CBAs.[4]  (*Id*. at ¶ 13.)  Further, Defendant

---

[3] The first CBA was effective between June 1, 2002 and May 31, 2004.  (*See* Aff. of William K. Duffy Jr., In Supp. Of Pls.' Mot. For Summ. J., dated Oct. 22, 2010 ("Duffy Aff."), Ex. A.)  The second CBA was effective between June 1, 2004 and May 31, 2009.  (*See* Duffy Aff., Ex. B.)  Citing to a statement made by Defendant in the Joint Pre-Trial Order, Plaintiff asserts that Defendant "concedes that it entered into the CBAs with the Union which required the payment of the fringe benefits to the Funds."  (Pls.' 56.1 ¶ 18 (citing Joint Pretrial Order, dated Aug. 1, 2008 ("JPTO") at 4).)

[4] Article IV, Section 2 provides in pertinent part: "It is agreed that [Defendant] is hereby obligated to make contributions to the Local 138, 138A and 138B I.U.O.E. Welfare Fund (and Supplemental Unemployment, Vacation & Annuity "B" Accounts), Pension & Retirement Benefit Fund, Apprenticeship Training Fund, Annuity Fund and Legal Fund ("Funds"), and/or their successor Funds, including but not limited to, the Central Pension Fund, of a sum of money equal to an agreed upon amount, on behalf of those of its employees who are covered by and entitled to the benefits of this Agreement. The amounts of such contributions shall be as set forth

was required, pursuant to Article IV, Section 2-G of the CBAs, to maintain records with respect to each of its employees to determine the benefits due or which may become due to said employees. (*Id.* at ¶ 14.)

Article IV, Section 2-F of the CBAs, gives Plaintiffs the right to audit all books and records of Defendant "to [e]nsure compliance with the terms of the [CBA]." (Duffy Aff., Ex. A at 6, Ex. B at 7.) In early 2006, an audit was conducted by Berdon LLP ("Berdon"), the Funds' auditors, to determine if Defendant had properly paid fringe benefit contributions pursuant to the terms of the CBAs (the "2006 Audit"). (Pls.' 56.1 ¶¶ 16-17.) The 2006 Audit revealed that Defendant owed the Fund contributions in the principal amount of $358,701.63, exclusive of interest or any potential penalties, for the period between June 1, 2002 and June 30, 2005. (Duffy Aff. ¶ 6 & Pls.' 56.1 ¶ 17.)

Plaintiffs assert that Defendant is liable to the Funds and should pay the amount found to be "in discrepancy by the 2006 Audit," together with interest, liquidated damages, attorney's fees, court costs, and audit fees pursuant to ERISA, 29 U.S.C. § 1001, *et seq*, and Article IV, Section 2-E of the CBAs.[5] (*See* Pls.' Mem. at 1-2.) Defendant has not responded to Plaintiffs' Local Rule 56.1 Statement of Undisputed Material Facts or Plaintiffs' Motion for Summary Judgment. For the reasons stated below, Plaintiffs' motion is granted.

---

in the Wage and Benefit Schedule appended to this Agreement." (Duffy Aff., Ex. A at 4, Ex. B at 5.)

[5] Article IV, Section 2-E provides that "Employers delinquent in the payment of required monies to the Funds shall be liable for immediate payment of all delinquencies, interest on the unpaid amount until all such amounts shall be paid, the cost of legal fees reasonably incurred in collecting the delinquent payments and all damages as provided for by the applicable Trust Agreement. For the purpose of this provision, interest will be computed at the prime rate." (Duffy Aff., Ex. A at 5, Ex. B at 6.)

## DISCUSSION

I.  *Applicable Law and Legal Standards*

    A.  ***Summary Judgment Standard***

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates both the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Major League Baseball Props., Inc. v. Salvino, Inc.,* 542 F.3d 290, 309 (2d Cir. 2008); *Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009); *Coppola v. Bear Stearns & Co.*, 499 F.3d 144, 148 (2d Cir. 2007). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *See SCR Joint Venture*, 559 F.3d at 137; *Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (*citing* Fed. R. Civ. P. 56(c)).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried. *See Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence,"

5

*Del. & Hudson Ry. Co. v. Cons. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (*quoting Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted). "Rule 56(e)'s requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that an affidavit's hearsay assertions that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial." *Patterson*, 375 F.3d at 219 (*citing Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999)).

When determining whether a genuinely disputed factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability," or "the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 254-55. A district court considering a summary judgment motion must also be "mindful of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (*citing Anderson*, 477 U.S. at 252), because the evidentiary burdens that the respective parties will bear at trial guide the district court in its determination of a summary judgment motion. *See Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Where the non-moving party will bear the ultimate burden of proof on an issue at trial, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim. *See id.* at 210-11. Where a movant without the underlying burden of

proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that [her] claim is not 'implausible.'" *Brady*, 863 F.2d at 211 (*citing Matsushita*, 475 U.S. at 587). In deciding a summary judgment motion, a court must resolve all factual ambiguities and draw all reasonable inferences in favor of the non-moving party. *See Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987).

### B.  *Unopposed Motion for Summary Judgment*

When a non-movant fails to respond to a motion for summary judgment, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Rather, the Court must (1) determine what material facts, if any, are disputed in the record presented on the motion, and (2) assure itself that, based on those undisputed material facts, the law indeed warrants judgment for the moving party. *See Champion*, 76 F .3d at 486; *Allen v. Comprehensive Analytical Grp., Inc.*, 140 F. Supp. 2d 229, 232 (N.D.N.Y. 2001).

In *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241 (2d Cir. 2004), the Second Circuit addressed the proper analysis that districts courts should employ when presented with an unopposed motion for summary judgment. The court held that "Fed. R. Civ. P. 56, governing summary judgment motions, does not embrace default judgment principles." *Id.* at 242. Thus, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Id.* In addition, "[a]lthough the failure to respond may allow the district court to accept the movant's factual assertions as true, see Local Civ. R. 56.2," *id.* at 246, the district court "must be satisfied

7

that the citation to evidence in the record supports the assertion." *Id.* at 244.

## II. *Plaintiffs' Motion is Granted*

Plaintiffs contend that there are no material issues of fact in dispute that prevent entry of judgment on Plaintiffs' claims that Defendant failed to pay contributions owed to the Funds for the period between June 1, 2002 and June 30, 2005. For the reasons set forth below, Plaintiffs' motion for summary judgment is granted.

Section 515 of ERISA mandates that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. The language of Article IV, Section 2-E of the CBAs parallels this statutory requirement.

The undisputed facts presently before the Court demonstrate that pursuant to the CBAs, Defendant was obligated to pay to the Funds a certain sum of money for each hour, or part of an hour, worked by each employee performing covered work in the geographical area covered by the CBAs. The 2006 Audit revealed that Defendant was delinquent in the amount of $358,701.63, exclusive of interest or any potential penalties for the period between June 1, 2002 and June 30, 2005. (Duffy Aff., Ex. C at 3.) The Court may "rely on an audit or an auditor's opinion to prove that defendant employers did not make required contributions to funds." *Hanley v. Orient Beach Club, Inc.*, 1998 WL 65590, at *5 (S.D.N.Y. Feb. 18, 1998) (quoting *Grabois v. Action Acoustics, Inc.*, 1995 WL 662127, at *5 n. 3 (S.D.N.Y. Nov. 9, 1995) (internal quotation marks omitted)). Other than Defendant's conclusory, unsubstantiated assertion in the

8

Joint Pre-Trial Order concerning non-union work, Defendant has not disputed the accuracy of the 2006 Audit results.[6]

When a plaintiff presents evidence showing that a defendant has failed to pay contributions pursuant to a CBA, the burden shifts to the defendant to "mak[e] a sufficient answer to show what material questions remain[] for trial." *Tamarin v. Adam Caterers,* 13 F.3d 51, 52 (2d Cir. 1993); *see also Hanley*, 1998 WL 65590 at *5 (finding that when "the Funds . . . submit [an] audit report and auditor's expert opinion testimony to the Court, the burden would then shift to the [defendant] to disprove the audit amount"). Accordingly, "absent some proof by [D]efendant that it does not owe these funds, [P]laintiff[s][are] entitled to payment." *Onondaga Cnty.*, 1992 WL 75051 at *5; *see also Cement & Concrete Workers Dist. Council Welfare Fund v. Angel Const. Group, LLC*, 2010 WL 3463181, at *4 (E.D.N.Y. June 15, 2010) (stating that plaintiffs' records, including an audit report, submitted in support of their motion for summary

---

[6] Defendant has not responded to Plaintiffs' Local Rule 56.1 Statement or the pending motion. Plaintiffs assert that Defendant's "sole defense" is contained in the following statement made by Defendant in the Joint Pre-Trial Order:

> [T]he parties further agreed that any non-union work that was undertaken by the Defendants would not be included in a calculation for payment of fringe benefits to the Plaintiffs. Defendants contend that the Plaintiffs failed to differentiate union from non-union work and as such, performed an audit that was flawed in its processes and inaccurate in a determination of the monies owed. Plaintiffs included non-covered work in its calculation of the Funds owed.

(Pls.' Mem. at 6-7 (citing JPTO at 4).) Defendant, however, has not set forth any evidence in support of this statement and, as such, this argument cannot defeat the present motion for summary judgment. *See Crown Heights Jewish Cmty. Council, Inc. v. Fischer*, 63 F. Supp. 2d 231, 241 (E.D.N.Y. 1999) ("[T]o defeat a properly supported motion for summary judgment, the non-movant must make an affirmative showing of sufficient evidence of specific facts that would enable a jury to return a verdict in the non-movant's favor.") (citing *Anderson*, 477 U.S. at 249).

9

judgment seeking recovery of unpaid contributions were sufficient to "demonstrate that [the defendant-employer] failed to comply with its obligations under both ERISA and the CBA"); *Bd. of Trustees of Local, 295/Local 851--I.B.T. Emp'r Grp. Bd. of Trustees of Local, 295/Local 851--I.B.T. Emp'r Grp. Pension Trust Fund v. J & J Air Container Station*, 2010 WL 3911656, at *3 (S.D.N.Y. Sept. 29, 2010) (granting summary judgment when plaintiff demonstrated that the defendant "failed to remain current under their agreement with the Funds [and] are thus liable to the Funds for their delinquent contributions"). Defendant has not put forth any evidence rebutting Plaintiffs' claim that it owes contributions and, therefore, the Court finds that Plaintiffs have met their burden of proving Defendant violated Section 515 of ERISA as well as certain provisions of the CBAs.

Having determined that summary judgment is appropriate, the Court now turns to the question of damages.

## III. *Damages*

"Although [Defendant has] failed to respond to [P]laintiffs' motion for summary judgment, the burden is still on plaintiffs to establish their entitlement to damages." *Cement & Concrete Workers Dist. Council Welfare Fund*, 2010 WL 3463181 at *6 (*citing Lupien v. Citizens Utils. Co.*, 159 F.3d 102, 107 (2d Cir. 1998)). Plaintiffs seek $594,650.91, which includes the amount of unpaid contributions, interest, liquidated damages, and the cost of the audit. (Pls.' 56.1 ¶ 21.) Because Plaintiffs have filed "reasonably detailed records" in support of their claim for damages, including the report of the 2006 Audit and a Statement of Damages,[7] to

---

[7] Plaintiffs have submitted a Statement of Damages which sets forth the damages, including interest, liquidated damages, and audit fees they believe they are entitled to. (*See* Decl. of Robert T. McGovern, dated Oct. 22, 2010, Ex. 2.)

which Defendant has not responded, the Court finds that Plaintiffs have met their burden of proving their entitlement to damages. *See id*. The calculation of those damages, along with any interest, liquidated damages, attorney's fees, court costs, and/or audit fees is hereby respectfully referred to United States Magistrate Judge Thomas Boyle.

## *CONCLUSION*

For the foregoing reasons, Plaintiffs' motion for summary judgment is granted. The trial in this matter, which was set to begin on January 24, 2011, is hereby cancelled and this action is respectfully REFERRED to United States Magistrate Judge Thomas Boyle to calculate damages and attorney's fees. It is hereby ORDERED that the scope of the foregoing reference shall be deemed to encompass such additional authority as reasonable or necessary to perform the foregoing and is not inconsistent with the Constitution and laws of the United States.

**SO ORDERED**.

Dated: Central Islip, N.Y.
January 6, 2011

/s_____
Denis R. Hurley,
United States District Judge